UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

---

HEATHER E. FELDHUSEN
2418 Winnebago St., #307
Madison, WI 53704

      Plaintiff,

      v.                                  Case No.: 3:20-cv-1022

PRINCETON CLUB WEST, INC.
8080 Watts Rd.
Madison, WI 53719

and

ABC INSURANCE COMPANY,

      Defendants.

---

# COMPLAINT

---

NOW COMES THE PLAINTIFF, Heather Feldhusen, by her attorneys, Gingras, Thomsen & Wachs, by Robert J. Gingras and Kimberly D. Sweatt, and complaining of Defendants Princeton Club West, Inc. and ABS Insurance, states and alleges as follows:

## NATURE OF PROCEEDINGS

1.     This is a civil action brought pursuant to the Equal Protection Clause of the United States Constitution and 42 U.S.C. § 2000e whereby the defendant unlawfully discriminated and retaliated against, as well as terminated employment with, the plaintiff on the basis of gender and for lawfully reporting several years of workplace and sexual harassment at the hands of club members, coworkers and management.

## PARTIES

2.  Heather E. Feldhusen ("Heather") is a female adult resident of the State of Wisconsin whose resident address is 2418 Winnebago St., Apt. 307, Madison, WI 53704.

3.  Princeton Club West, Inc. ("Princeton Club") is a domestic corporation organized under the laws of the State of Wisconsin whose principle office is 8080 Watts Rd., Madison, WI 53719. Princeton Club employed Heather at all times relevant to this Complaint. Its registered agent for service of process is John C. Mitby, 33 E. Main St., Ste. 400, Madison, WI 53703.

4.  Defendant ABC Insurance Company ("ABC Insurance") is the fictitious name of a liability insurance company that had in full force and effect, at all material times, a policy of insurance covering Defendant Princeton Club West, Inc. for the alleged negligence which is the subject of this complaint and is therefore directly liable to Plaintiff for the below-alleged damages. The registered agent and address for ABC Insurance is yet to be determined. ABC Insurance Company is named factiously pursuant to Wis. Stat. § 807.12.

## JURDISDICTION AND VENUE

5.  This court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331, § 1343(a)(3), § 1343(a)(4), and § 2202.

6.  Venue in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391 is proper insofar as the defendant is located in this district, and the events giving rise to the claim took place within this district.

7.  Heather filed charges of discrimination and wrongful termination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about April 1, 2019. The EEOC issued a right-to-sue letter on August 14, 2020. This lawsuit was filed within ninety (90) days of the issuance of the right-to-sue letter.

## FACTUAL ALLEGATIONS

### Prologue

8. Princeton Club unlawfully discriminated against Heather on the basis of sex. Throughout Heather's tenure at the Princeton Club, she was forced to endure unwanted sexual advances from several male coworkers, management, and club members. Heather also endured a hostile work environment where management would yell at Heather and treat her unfairly. Management took no action to address Heather's repeated complaints about harassment. Instead, Heather was subjected to more heightened scrutiny than her male counterparts, and ultimately fired.

9. Furthermore, by failing to prevent or even address unwanted sexual advances, the Princeton Club West fostered a culture of sexual harassment toward female personal trainers. Female personal trainers were consistently forced to "put up with" unwanted sexual advances.

### Princeton Club West's Culture of Gender Discrimination

10. Heather began employment at the Princeton Club in March of 2004 as a personal trainer.

11. During Heather's entire tenure at the Princeton Club, from 2004 through 2017, Princeton Club maintenance worker, Jose Guzman ("Jose"), would consistently make sexual comments to Heather. Jose's comments to Heather occurred on at least a weekly basis. Jose would tell Heather that he wanted to have sexual relations with other club members. He would also make sexual comments about Heather's body, and tell Heather that he thought she would be good in bed. Heather reported Jose's behavior to her boss, Kathleen Bingham. To Heather's knowledge, Jose was never disciplined for his persistent sexual harassment.

12. When Heather started at the Princeton Club in 2004, her immediate supervisor was

3

Gene Hogoboom ("Gene").

13. In July of 2006, Gene and Heather participated in a "half Ironman" race in Racine, Wisconsin. Gene invited Heather to stay in his hotel room. Heather thought Gene's offer was highly inappropriate, and she declined Gene's requests to stay in his hotel room.

14. In 2009, Heather provided Gene a memo reporting that several Club members had been harassing her, including Club member James Corocan ("James"). Gene took no action to prevent or correct the harassment. Despite Heather's complaints to management, James consistently harassed and verbally abuse Heather through 2017. Specifically, James would yell at Heather with an aggressive posture, follow Heather throughout the facility while she was training other clients, and interrupt her training sessions.

15. On or about August 26, 2010, Heather provided Gene a memo reporting Club member Denis Baker ("Denis") for sexual harassment. On three separate occasions, Denis made unwelcome comments on Heather's body and whistled at her for over ten minutes while she was training another Club member. Neither Gene, nor any other member of management, took any corrective or preventative action. Denis Baker continued his inappropriate behavior toward Heather.

16. In 2011, Heather reported in writing to Gene that Club member Anton Klein ("Anton") had verbally abused her by yelling at her with an aggressive posture, and misused club equipment. Heather also verbally reported Anton's harassment to Princeton Club West's manager, Peter Gerry ("Peter"). Peter informed Heather that he would do nothing to redress the behavior. Heather also reported Anton's behavior to Assistant Manager, Kathleen Bingham ("Kathleen").

17. On or about March 30, 2011, Heather sent a memo to Kathleen and Gene seeking a meeting to discuss ongoing concerns about Gene's management, Anton's abusive comments,

4

and Gene's failure to address her complaints of sexual and verbal harassment. Heather met with Kathleen in April 11, 2011; Gene did not attend.

18. After the April 11, 2011 meeting, Gene's demeanor became hostile toward Heather.

19. Following the meeting, management did nothing to address her complaints, and harassment worsened. For example, Gene and Peter accused Heather of failing to observe timeclock rules and "double-billing." In a confrontational meeting, Gene and Peter accused Heather of lying until she produced documentation to prove that she had been reporting her time properly. At one point during this timeframe, Gene came into Heather's office and yelled at her until Heather started to cry.

20. On or about June 2, 2011, Heather was in her office waiting for an orientation appointment with a prospective member. Gene came in Heather's office twice and yelled at her to get on the main exercise floor. Heather and Gene went to Kathleen Bingham's office where Gene continued yelling at Heather in front of Kathleen.

21. On or about June 3, 2011, Heather reported Gene's harassment to Peter and requested that he follow up on her harassment complaints made in April of 2011. Peter told Heather to "just ignore and avoid [Gene] Hogoboom." Management again did nothing to further stop the harassment; Gene continued to harass Heather and other club members. It was impossible for Heather to avoid Gene because he was Heather's direct boss.

22. In June 2013, Club member Noelle Sarow ("Noelle") advised Heather that Gene had texted her with unwelcome sexual advances and comments. Heather listened to Noelle's concerns. Heather reported the harassment to fitness director, Kim Reistad ("Kim"), who advised her that the club would do nothing.

23. In 2014, Heather again reported Club member James Corocan's pattern of

harassment to Kim. The behavior from the member never changed.

24. On or near November 25, 2014, Heather emailed Kim to complain of sexual harassment by Club member Nat Robinson ("Nat") by means of unwelcome verbal conduct, including calling her "hot" and describing tattoos near his penis. In Heather's email, she mentioned that this was the **fifth time** she had complained of harassment to upper management.

25. Later that month, Heather met with Peter about Nat. Peter directed Heather to continue working with Nat. Heather refused and pointed out that the employee handbook states that employees do not have to tolerate harassment. Peter appeared angry at her refusal and did not address it nor correct the sexually harassing behavior.

26. Meanwhile, Jake Salzman ("Jake"), a male personal trainer, was harassed by a female Club member whom he was training. Jake reported the harassment during a trainer meeting. Jake was allowed to stop working with the member.

27. After Heather's encounter with Club member, Nat, and continuing up to Heather's termination, Kyle Schroeder ("Kyle"), another personal trainer, made unwelcome sexual advances toward Heather. Specifically, Kyle repeatedly flirted with Heather and asked Heather about her personal life. If Heather did not go along with Kyle's flirtatious attitude, his behavior toward Heather would turn cold, dismissive, and rude.

28. On February 5, 2016, Jake Salzman ("Jake") went to a concert with Heather. After the concert, Jake invited himself into Heather's apartment and made unwelcome sexual advances, including talking about his love life, and requesting to rub her feet. These requests made Heather extremely uncomfortable. She managed to get Jake to leave her apartment without acceding to any of his requests.

**Termination Sequence**

29. Personal trainer Kyle Schroeder, and personal trainer manager, Jake Salzman, both had a romantic interest in Heather.

30. On June 11, 2018, Heather sent Kyle an email requesting that he stop taking equipment from the office. Kyle's responses were rude and defensive.

31. On June 12, 2018, Heather sent an email to Jake requesting a meeting about Kyle. Jake confirmed a meeting with Heather could take place at June 14, 2018 at noon.

32. On June 13, 2018, Heather questioned Kyle about his disrespectful communications. In response, Kyle noted that he could not treat her respectfully because he had "feelings for her." Kyle also stated that he was aware of tensions between Heather and Jake.

33. Sometime between June 11, 2018 and June 14, 2018, Jake and Kyle talked. Upon information and belief, Kyle told Jake that he could not continue working with Heather, and that if Jake did not let Heather go, Kyle would leave.

34. On June 14, 2018, Heather arrived at the meeting with Jake that she had requested. Jake said that although Heather was the one who had requested the meeting, they had decided to let her go. Jake terminated Heather without hearing her side of the story. Jake stated that Heather was being terminated for "bringing down department morale."

35. Heather's termination appeared to be very abrupt because none of Heather's clients were informed about Heather's termination. Heather's clients continued to show up for their previously scheduled training sessions without knowing that Heather no longer worked at the Club.

36. On June 19, 2018, co-worker Alex Standford told Heather that Kyle approached Alex and told him that it was better now that Heather was gone, and that Kyle set Jake over the edge to fire Heather.

**FIRST CAUSE OF ACTION AGAINST PRINCETON CLUB WEST, INC.:**

7

**GENDER DISCRIMINATION IN VIOLATION OF TITLE VII**

37. Plaintiff realleges and incorporates by reference paragraphs one through thirty-six (1-36) of the Complaint with the same force and effect as if set forth fully hereinafter.

38. Princeton Club acted contrary to 42 U.S.C. § 2000e-2(a)(1) and §2000e-3(a) by discriminating against Heather on the basis of her sex for opposing their unlawful employment practice of repeated inaction in the face of persistent sexual harassment and misconduct.

39. Termination itself was motivated by discrimination on the basis of gender.

40. Princeton Club failed to take steps to prevent or terminate sexual harassment against Heather by coworkers, management, and club members. However, Princeton Club did take steps to prevent or terminate harassment of male employees by club members. Thus, the Princeton Club failed to protect Heather in the same manner as her male counterparts, due to her gender.

41. If Heather had been a male, or if she had not refused and resisted unwanted sexual advances from club management, coworkers, and club members, the Princeton Club would not have fired her.

42. Princeton Club's actions caused Heather emotional pain, suffering, inconvenience, mental anguish, loss of employment, and loss of enjoyment of life.

**SECOND CAUSE OF ACTION AGAINST
PRINCETON CLUB WEST, INC.:
WRONGFUL TERMINATION IN VIOLATION OF TITLE VII**

43. Plaintiff realleges and incorporates by reference paragraphs one through thirty-two (1-42) of the Complaint with the same force and effect as if set forth fully hereinafter.

44. Princeton Club acted contrary to 42 U.S.C § 2000e-2(a)(1) and §2000e-3(a) by unlawfully discharging Heather from employment and otherwise retaliating against her with

respect to the terms, conditions, and privileges of her employment because she was female, reported sexual harassment by her coworkers and club members, and rejected the gender-related advances of Jake Salzman and Kyle Schroeder.

45. Princeton Club's actions caused Heather emotional pain, suffering, inconvenience, mental anguish, loss of employment, and loss of enjoyment of life.

### THIRD CAUSE OF ACTIONAGAINST DEFENDANT PRINCETON CLUB WEST, INC.: RESPONDEAT SUPERIOR

46. Plaintiff realleges and incorporates by reference paragraphs one through forty-five (1-45) of the Complaint with the same force and effect as if set forth fully hereinafter.

47. At the time of the above-alleged harassment, Gene Hogoboom, Kathleen Bingham, Peter Gerry, Kim Reistad, Kyle Schroeder, and Jake Salzman were performing duties within the scope of their employment for Princeton Club West, Inc.

48. As a direct and proximate result of Hogoboom's, Bingham's, Gerry's Reistad's, Schroeder's, and Salzman's harassment and and/or negligence while performing duties within the scope of their employment, the Plaintiff suffered the injuries and damages described above.

49. Under the doctrine of *respondeat superior*, Defendant Princeton Club West, Inc. is vicariously liable to Plaintiffs for damages in an amount to be proven at trial.

WHEREFORE, the plaintiff demands a trial by SIX (6) jurors and the following relief:

1. Judgment in an amount sufficient to compensate the plaintiff for her injuries and losses;

2. Punitive damages in an amount sufficient to punish the individual defendant and deter future, similar conduct;

3. Equitable relief designed to prevent future violations of the law;

4. Pre- and post-judgment interest;

5. An award of attorneys' fees and costs; and

6. Any other relief the Court deems just to award.

Dated this 10th day of November, 2020.

**GINGRAS THOMESEN & WACHS LLP**
Attorneys for Plaintiff

*Electronically Signed By /s/ Robert J. Gingras*
Robert J. Gingras
SBN: 1002909
Kimberly D. Sweatt
SBN: 1113323
8150 Excelsior Drive
Madison, WI   53717
P: (608) 833-2632
F: (608) 833-2874
gingras@gtwlawyers.com
ksweatt@gtwlawyers.com